In the objections to the magistrate's decision, relator contends the record lacks evidence that he was impaired or that the alleged policy violation occurred in the workplace.
The employer's handbook contains the following two policies:
 * * * A team member must not have an illegal drug or its metabolite in his or her body at any time while on the job regardless of whether the team member's performance is or is not affected by the use of the illegal drug.
* * *
 * * * Any Team Member coming to or returning to work under the influence of or impaired by controlled substances or alcohol will be in violation of this policy * * *.
Violation of either is grounds for termination. While the parties have stipulated the foregoing evidence, the policy containing the first paragraph was revised most recently on June 1, 1998, after relator's incident prompting his dismissal. The stipulated evidence fails to clarify to what extent, if any, the first paragraph was revised after relator's positive test.
We need not determine, however, whether respondent had to prove impairment, or whether a positive test alone would justify termination, as the violation had to occur in the workplace. Because the record contains no evidence of a violation in the workplace, but rather, at a hospital during the period of relator's temporary total disability, I concur in granting a limited writ.